IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

MARTIN J. WALSH,
Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

A.G.A. INVESTMENTS II, INC., dba Columbia Export Group, PDSA, S.C., ARTURO RUFFO, individually and as the owner of A.G.A. Investments II, Inc.,

Defendants.

Case No. 3:22-cv-287-L-KSC

**CONSENT JUDGMENT**

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, and Defendants A.G.A. Investments II, Inc. ("A.G.A."), PDSA, S.C. ("PDSA"), and Arturo Ruffo (collectively the "Defendants", and collectively with Plaintiff, the "Parties"), have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 6, 7, 11(c), 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as

amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(1), 215(a)(2) and 15(a)(5).

B.     Defendants have retained defense counsel and acknowledge receipt of a copy of the Secretary's Complaint in this action.

C.     Defendants waive issuance and service of process of the Summons and Complaint, and waive their response to the Secretary's Complaint.  This provision shall not serve as a general waiver of service and personal jurisdiction.

D.     The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of August 10, 2018, through August 14, 2020. The parties have agreed to settle and resolve all alleged FLSA violations attributable to Defendants through this Consent Judgment.

E.     The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.  Further, nothing in this Consent Judgment requires Defendants to take any action contrary to Mexican laws in Mexico.

F.     For purposes of this Consent Judgment only, Defendants admit that the Court has jurisdiction over the Defendants and the subject matter of this civil action and that venue lies in the Southern District of California.  This provision shall not serve as waiver of legal jurisdiction regarding any other legal matter or claim.

G.     Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction will be provided with notice of the provisions of this Consent Judgment within 30 days of entry.  Defendants represent that they and all individuals and entities acting on their behalf or at their direction and any individual, entity, or corporation with ownership or managerial authority over Defendants have notice of, and understand, the provisions of this Consent Judgment.

H.     Defendants admit that the employees, identified on Exhibit A, which

the Parties have agreed to file under seal,[1] handle and transport goods at the warehouse located at 8640 Siempre Viva Rd, San Diego, CA 92154 or have done so in the past. These goods have been moved in commerce and are offered for transportation and shipment.

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with it, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA § 3(s), wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA) except as provided in 29 U.S.C. 213(f).

2. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any

[1] The Parties agree that Defendants may file redacted copies of Exhibit A not under seal if an employee contests whether they are due back wages covered by this Consent Judgment. The redacted Exhibit A must redact all employee names and payment information except for the employee contesting the back wages owed.

workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed except as provided in 29 U.S.C. 213(f).

3.     Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendants or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207), except as provided in 29 U.S.C. 213(f).

4.     Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516 except as provided in 29 U.S.C. 213(f).

5.     Defendants, jointly and severally, shall not continue to withhold and are responsible for the payment of $267,408.15 in minimum wage pay hereby found to be due by the Defendants under the FLSA to their employees, as a result of work performed during the period of August 10, 2018, through August 14, 2020 ("Back Wage Accrual Period").

6.     Defendants, jointly and severally, shall not continue to withhold and are responsible for the payment of $648,269.76 in overtime pay hereby found to be due by the Defendants under the FLSA to their employees, as a result of work performed during the Back Wage Accrual Period.

7.     Defendants, jointly and severally, will further pay the Department of Labor an additional sum of $34,958.25 in civil monetary penalties.

8.     The total amount Defendants owe in unpaid minimum wages, unpaid overtime, and civil money penalties under this Consent Judgement is $950,636.16. AGA will pay its full amount of $12,041.91 within 30 days of the Court signing this Consent Judgment.  PDSA will pay an initial $120,000.00 within 30 days of the Court signing this Consent Judgment and must then pay the remaining $818,594.25 plus 1% annual interest under this Consent Judgment to the Department of Labor Wage and Hour Division as described in Exhibit B. Defendants may pay without penalty all or a portion of the amount owed earlier than it is due.  Any early payments will reduce the principal balance due, and consequently may reduce the interest owed as interest will be assessed on the total outstanding principle.

9.     Defendants will comply with Paragraphs 5 and 6 of this judgment by Defendant PDSA paying $907,714.46 and Defendant AGA will paying $7,963.45. This division of payment amongst Defendants does not affect Defendants joint and several liability and the Secretary's ability to collect funds from any Defendant should Defendants fail to pay the total amount owed under this Consent Judgment.

10.     Defendants will comply with Paragraph 7 of this judgment by Defendant PDSA paying $30,879.79 and Defendant AGA paying $4,078.46 in penalties as a result of the non-compliance set forth in Paragraphs 5 and 6 above. This division of payment amongst Defendants does not affect the Defendants joint and several liability and Secretary's ability to collect funds from either Defendant should Defendants fail to pay the total amount owed under this Consent Judgment.

11.     The Secretary requires that wages due under this Consent Judgment to PDSA employees, who are Mexican residents, be funded in U.S. Dollars, subject to normal withholdings and deductions under U.S. law.  Defendant PDSA currently does not maintain an EIN or maintain a business address in the United States.

Therefore, Defendant PDSA intends to obtain an EIN and follow any other steps required in order to make payment via this Consent Judgment. Further, Defendant PDSA makes no warranties or representations to its employees on Exhibit B regarding the employees' tax consequences related to these payments under U.S. law.

12.     AGA will make its payment required by this Consent Judgment via cashier's check made payable to the U.S. Department of Labor, Wage and Hour Division, and sent to 90 7th Street, Suite 4-390, San Francisco, CA 94103. PDSA will make its payments required by this Consent Judgment (back wages plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". All payments shall reference BW Case Number # 1916849.

13.     The Secretary shall allocate and distribute the funds described in paragraphs 5 and 6 less deductions for employees' share of social security and withholding taxes on the back wage amounts to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary will follow internal procedures to document payments to employees receiving back wages owed under this Consent Judgment, allowing employees to provide identifying documentation. AGA's payment of $7,963.45 shall be reported under its EIN XX-XXX6666 via a Form 941-X prepared and provided to AGA by the Secretary. PDSA's payments of $907,714.46 shall be reported periodically as distributed under its EIN via Forms 941-X prepared and provided to PDSA by the Secretary. The Secretary will not make any disbursements to PDSA employees

until calendar year 2023.  If by 2023 despite diligent efforts PDSA has not been able to obtain a valid EIN, the parties will work together to resolve the reporting issue.  The Secretary will prepare the W-2 Forms for payments made to employees under this Consent Judgment.

14.     In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of Defendants then known to the Secretary with electronic copies also concurrently be-served on Defendants' counsel of record.

15.     Defendants shall execute one deed of trust to secure the payments described in Exhibit B. The deed of trust shall be recorded against the real property commonly known as 230 E Avenue, Coronado, CA 92118, and is attached hereto as Exhibit D.  Defendants have provided proof of an encumbrance by California Bank & Trust of approximately $101,487.18 as of February 13, 2022 and have represented that this is the only encumbrance on this property and that this constitutes sufficient equity to satisfy the outstanding portion of the Judgment of $818,594.25 plus any interest owed against Defendants.  The Secretary shall record the deed of trust attached as Exhibit D once the Court signs this Consent Judgment. Defendants agree not to further encumber the property until the deed of trust is recorded.  If Defendants default on their payment obligations, they shall be given 30 days written notice to cure the default (served electronically to Defendants' counsel of record).  If Defendants fail to cure their default, Defendants will cooperate with and provide assistance to the Secretary in executing on the deed of trust.  Within 45 days of Defendants notifying that the Consent Judgment has been satisfied in full, including any interest or penalties for paying the amount due late, the Secretary will provide Defendants with a deed of reconveyance (and/or any

other instrument legally required) and provide any necessary cooperation to effectuate the cancellation and removal of the deed or other encumbrance associated with this Consent Decree. Defendants will then file the deed of reconveyance (and/or any other instrument legally required) provided by the Secretary to terminate the Secretary's deed of trust.

16.     Within 15 days of entry of this Consent Judgment, Defendants shall deliver a schedule containing the full name of each employee listed on the attached Exhibit A, the employee's current address or last known address, home phone number, cell phone number, email addresses and other known contact information of the employee.

17.     Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way directly or indirectly, demand, require or accept any of the back wages from the individuals listed on Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

18.     Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

19.     Defendants shall comply with the FLSA for work performed in the United States, and if not already in effect at the time of entry of this judgment, shall amend and maintain their payroll practices as follows:

a.    Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1 the rate(s) of pay for each of the hours worked during a workweek; (2) the start, stop, and total hours employees work each workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours.

b.    Defendants shall record all wages paid to employees, regardless of the manner of payment.

c.    Defendants shall maintain a physical and/or electronic copy of all payroll records and time records for all employees for all work performed in the United States for Wage and Hour Division to inspect upon request.

d.    Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their actual hours worked.

e.    Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

20.    Within 30 days of the entry of this Judgment, Defendants shall supply all of their employees who perform work in the United States with copies of the attached **Exhibit C**, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA, in English and Spanish.  In addition, Defendants shall provide copies of **Exhibit C** to all new hires who perform work in the United States, and post a copy at their U.S. location(s) in an area that is

frequented by employees and where it is visible. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

21. On at least an annual basis, Defendants shall hire an independent third-party[2] to conduct supervisor training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers properly. All supervisors and employees who determine Defendants' employees' pay or schedules or who prepare payroll for workers who perform in the United States shall attend this training. Defendants shall maintain documentation of these trainings for a period of three years and shall provide it to representatives of the Secretary of Labor upon request. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

22. Within 45 days of the date that Defendants sign this Consent Judgment, Defendants shall hire an independent third-party to conduct non-supervisory employee training as to the requirements of the FLSA in their native language for all other workers who perform work in the United States and did not attend the supervisory training. The training shall be compensable time for which employees shall receive pay and shall not exceed one hour. The independent third-party conducting the training shall include, but are not limited to: minimum wage, overtime, recordkeeping provisions of the FLSA, and the FLSA's requirements regarding the definition of "employees." This training shall be repeated two additional times, one to occur no earlier than twelve months after the initial training and no later than twenty-four months after the initial training, and another

[2] For purposes of this Consent Judgement, defense counsel is considered to be an independent third-party.

to occur no earlier than twelve months after the second training and no later than twenty-four months after the second training.

23.    Defendants will allow the Department of Labor's Wage and Hour Division to inspect any payroll records and video surveillance upon request that are located in the United States.  However, the Department of Labor's Wage and Hour Division agrees and understands that video surveillance is only maintained for a limited time period.

24.    Defendants will provide the Department of Labor's Wage and Hour Division with time to speak to Defendants' employees to confirm that Defendants are complying with the FLSA and with this Consent Judgment and to answer any questions Defendants' employees may have about their rights under the FLSA. This time shall be compensable time for which employees shall receive pay.

**FURTHER,**

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A nor as to any employee named on the attached Exhibit A for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

///

///

///

///

///

///

ORDERED that the Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

**IT IS SO ORDERED**.

Dated: April 5, 2022

Hon. M. James Lorenz
United States District Judge

For Defendants:

The Defendants hereby appear and consent to the entry of this Judgment and waive notice by the Clerk of Court.

For A.G.A. Investments, Inc. and In Their Personal Capacities:

03 / 03 / 2022

ARTURO RUFFO
Owner of A.G.A. Investments II, Inc.

For PDSA, S.C.:

03 / 03 / 2022

HUMBERTO CORRALES
Director and Legal Representative of PDSA, S.C.

Approved as to Form:

Annie Ellis 03 / 03 / 2022

ANNIE ELLIS
Attorney for Defendants A.G.A. Investments II, Inc. and Arturo Ruffo.

Nadia P. Bermudez 03 / 03 / 2022

NADIA BERMUDEZ
Attorney for Defendants PDSA, S.C.

For the Plaintiff:

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Wage and Hour Counsel

3/4/2022
ADRIANA E. AHUMADA
Trial Attorney

**EXHIBIT A (FILED UNDER SEAL)**

**EXHIBIT B**

**PDSA Payment Plan**

| Payment Date | Payment | Payment Amount Credited To | Principal | Interest | Payment Made | Balance |
|---|---|---|---|---|---|---|
| 5/1/2022 | $ 23,439.13 | Back Wages | $ 22,746.68 | $ 692.45 | $ 143,439.13 | $ 808,189.47 |
| 6/1/2022 | $ 23,439.13 | Back Wages | $ 22,765.64 | $ 673.49 | $ 166,878.26 | $ 785,423.83 |
| 7/1/2022 | $ 23,439.13 | Back Wages | $ 22,784.61 | $ 654.52 | $ 190,317.39 | $ 762,639.22 |
| 8/1/2022 | $ 23,439.13 | Back Wages | $ 22,803.60 | $ 635.53 | $ 213,756.52 | $ 739,835.62 |
| 9/1/2022 | $ 23,439.13 | Back Wages | $ 22,822.60 | $ 616.53 | $ 237,195.65 | $ 717,013.02 |
| 10/1/2022 | $ 23,439.13 | Back Wages | $ 22,841.62 | $ 597.51 | $ 260,634.78 | $ 694,171.40 |
| 11/1/2022 | $ 23,439.13 | Back Wages | $ 22,860.65 | $ 578.48 | $ 284,073.91 | $ 671,310.75 |
| 12/1/2022 | $ 23,439.13 | Back Wages | $ 22,879.70 | $ 559.43 | $ 307,513.04 | $ 648,431.05 |
| 1/1/2023 | $ 23,439.13 | Back Wages | $ 22,898.77 | $ 540.36 | $ 330,952.17 | $ 625,532.28 |
| 2/1/2023 | $ 23,439.13 | Back Wages | $ 22,917.85 | $ 521.28 | $ 354,391.29 | $ 602,614.42 |
| 3/1/2023 | $ 23,439.13 | Back Wages | $ 22,936.95 | $ 502.18 | $ 377,830.42 | $ 579,677.47 |
| 4/1/2023 | $ 23,439.13 | Back Wages | $ 22,956.06 | $ 483.06 | $ 401,269.55 | $ 556,721.41 |
| 5/1/2023 | $ 23,439.13 | Back Wages | $ 22,975.19 | $ 463.93 | $ 424,708.68 | $ 533,746.21 |
| 6/1/2023 | $ 23,439.13 | Back Wages | $ 22,994.34 | $ 444.79 | $ 448,147.81 | $ 510,751.87 |
| 7/1/2023 | $ 23,439.13 | Back Wages | $ 23,013.50 | $ 425.63 | $ 471,586.94 | $ 487,738.37 |
| 8/1/2023 | $ 23,439.13 | Back Wages | $ 23,032.68 | $ 406.45 | $ 495,026.07 | $ 464,705.69 |
| 9/1/2023 | $ 23,439.13 | Back Wages | $ 23,051.87 | $ 387.25 | $ 518,465.20 | $ 441,653.81 |
| 10/1/2023 | $ 23,439.13 | Back Wages | $ 23,071.08 | $ 368.04 | $ 541,904.33 | $ 418,582.73 |

| Payment Date | Payment | Payment Amount Credited To | Principal | Interest | Payment Made | Balance |
|---|---|---|---|---|---|---|
| 11/1/2023 | $ 23,439.13 | Back Wages | $ 23,090.31 | $ 348.82 | $ 565,343.46 | $ 395,492.42 |
| 12/1/2023 | $ 23,439.13 | Back Wages | $ 23,109.55 | $ 329.58 | $ 588,782.59 | $ 372,382.87 |
| 1/1/2024 | $ 23,439.13 | Back Wages | $ 23,128.81 | $ 310.32 | $ 612,221.72 | $ 349,254.06 |
| 2/1/2024 | $ 23,439.13 | Back Wages | $ 23,148.08 | $ 291.05 | $ 635,660.85 | $ 326,105.97 |
| 3/1/2024 | $ 23,439.13 | Back Wages | $ 23,167.37 | $ 271.75 | $ 659,099.98 | $ 302,938.60 |
| 4/1/2024 | $ 23,439.13 | Back Wages | $ 23,186.68 | $ 252.45 | $ 682,539.11 | $ 279,751.92 |
| 5/1/2024 | $ 23,439.13 | Back Wages | $ 23,206.00 | $ 233.13 | $ 705,978.24 | $ 256,545.91 |
| 6/1/2024 | $ 23,439.13 | Back Wages | $ 23,225.34 | $ 213.79 | $ 729,417.37 | $ 233,320.57 |
| 7/1/2024 | $ 23,439.13 | Back Wages | $ 23,244.70 | $ 194.43 | $ 752,856.50 | $ 210,075.88 |
| 8/1/2024 | $ 23,439.13 | Back Wages | $ 23,264.07 | $ 175.06 | $ 776,295.63 | $ 186,811.81 |
| 9/1/2024 | $ 23,439.13 | Back Wages | $ 23,283.45 | $ 155.68 | $ 799,734.75 | $ 163,528.36 |
| 10/1/2024 | $ 23,439.13 | Back Wages | $ 23,302.86 | $ 136.27 | $ 823,173.88 | $ 140,225.50 |
| 11/1/2024 | $ 23,439.13 | Back Wages | $ 23,322.27 | $ 116.85 | $ 846,613.01 | $ 116,903.23 |
| 12/1/2024 | $ 23,439.13 | Back Wages | $ 23,341.71 | $ 97.42 | $ 870,052.14 | $ 93,561.52 |
| 1/1/2025 | $ 23,439.13 | Back Wages | $ 23,361.16 | $ 77.97 | $ 893,491.27 | $ 70,200.36 |
| 2/1/2025 | $ 23,439.13 | Back Wages | $ 23,380.63 | $ 58.50 | $ 916,930.40 | $ 46,819.73 |
| 3/1/2025 | $ 23,439.13 | Back Wages $15,998.54 CMPs $7,440.59 | $ 23,400.11 | $ 39.02 | $ 940,369.53 | $ 23,419.61 |
| 4/1/2025 | $ 23,439.13 | CMPs | $ 23,419.61 | $ 19.52 | $ 963,808.66 | $ 0.00 |

**EXHIBIT C**

**SUS DERECHOS BAJO LA FLSA**

El Departamento de Trabajo y su empleador han llegado a un acuerdo para resolver una investigación bajo la Ley de Normas Razonables de Trabajo (FLSA en inglés) del Departamento de Trabajo sobre las prácticas de pago de su empleador. Según la FLSA:

- Si usted trabaja 40 horas o menos en una semana, su empleador le debe el salario mínimo federal ($7.25 por hora) por todas las horas que usted trabajo.
    - Por ejemplo, si usted trabajara 40 horas durante una semana por $5 cada hora, o menos del salario mínimo federal, su empleador le debería más dinero.
    - Usted puede calcular lo que su empleador le debe si multiplica las horas que trabajo por la diferencia entre el salario mínimo federal y el salario por hora que le pagaron.
    - En este ejemplo, la diferencia entre el salario mínimo federal ($7.25) y su salario horario ($5.00) es $2.25. Multiplicaría $2.25 por 40 horas para determinar que su empleador le debe $90.00.
- Si usted trabaja más de cuarenta horas en una semana, su empleador le debe el más alto de su salario horario o el salario mínimo de California (que es aún más alto que el salario mínimo federal) por todas las horas que usted trabaja. Su empleador también le debe pago adicional de sobretiempo por todas las horas que trabaja más de 40.
    - El pago de sobretiempo es adicional a su salario horario y debe ser el 50 por ciento de su salario horario, que tiene que ser al menos el equivalente al salario mínimo de California.
    - El salario mínimo estatal del estado de California es $14.00 por hora para empleados que trabajan para empleadores con 25 o menos empleados y $15.00 por hora para para empleados que trabajan para empleadores con 26 o más empleados. Efectivo 1ero de enero, 2023, el salario mínimo estatal del estado de California es $15.00 por hora para todos empleados sin importar el tamaño del empleador.
    - Por ejemplo, si usted trabaja por un empleador en California con menos de 26 empleados, su salario horario es $13.00, y usted trabaja 50 horas en una semana, se le debería:
        - Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $13.00 = $650.00.
        - Más tiene que agregar el pago de sobretiempo por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $13.00, que es más alto que salario mínimo federal y equivalente que el salario mínimo de California. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $13.00, o $6.50. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $6.50 = $65.00.
        - Su pago total para la semana sería $650.00 + $65.00 = $715.00.
    - Por ejemplo, si usted trabaja por un empleador en California con menos de 26 empleados, su salario horario es $5.00, y usted trabaja 50 horas en una semana, se le debería:

- Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $5.00 = $250.00.
    - También su empleador le debe la diferencia entre su salario horario de $5.00 y el salario mínimo de California de $13.00, o 50 horas x $8.00 = $400.00.
    - Más tiene que agregar el pago de sobretiempo por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $13.00, que es más alto que salario mínimo federal y equivalente que el salario mínimo de California. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $13.00, o $6.50. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $6.50 = $65.00.
    - Su pago total para la semana sería $250.00 + $400.00 + $65.00 = $715.00.

- Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.
- Su empleador no puede amenazarlo ni tomar medidas en su contra por hablar con un representante del DOL, participar en un caso legal del DOL o ejercer sus derechos ante la FLSA.
- **Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en un caso legal del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**
    - Despedirlo a usted o a cualquier amigo o familiar que trabaje con usted;
    - Negarse a pagarle por todas las horas que trabaja;
    - Negarse a emplear a un familiar suyo;
    - Reportarle al gobierno para su deportación;
    - Reducir sus horas de trabajo o la cantidad que gana;
    - Amenazarlo con problemas legales o usar a su abogado para hacerle daño;
    - Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.
- También es ilegal que alguien le obligue a firmar un documento con información falsa sobre las horas que trabaja, el pago que recibe, o cualquier otra cosa relacionada con sus derechos a la FLSA.
- Usted tiene el derecho legal de decir la verdad sobre sus condiciones de trabajo sin que nadie lo amenace o lo cause daño.
- Estas leyes se aplican a usted sin importancia de su estatus migratorio.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con el DOL al (619)-557-5110.**

**EXHIBIT C**

**YOUR RIGHTS UNDER THE FLSA**

The U.S. Department of Labor ("DOL") and your employer have reached an agreement to resolve the Department's investigation under Fair Labor Standards Act (FLSA) into your employer's pay practices. Under the FLSA:

- If you work 40 hours a week or less, your employer must pay you the federal minimum wage, which is $7.25 per hour, for all hours worked.
  - For example, if you worked 40 hours at an hourly rate of $5.00, or less than the federal minimum wage, your employer would owe you more money.
  - You can calculate what your employer would owe you by multiplying the hours that you worked by the difference between the federal minimum wage and the hourly rate that you were paid.
  - In this example, the difference between the minimum wage ($7.25) and your hourly rate ($5.00) is $2.25. You would multiply $2.25 by 40 hours to determine that your employer owes you $90.00.
- If you work more than 40 hours per week, your employer owes you your hourly rate or the California state minimum wage (which is higher than the federal minimum wage), whichever is higher, for all hours that you work. Your employer also owes you additional overtime pay for all hours that you worked over 40 hours.
  - Overtime pay is in addition to your normal hourly pay and must be 50 percent of your normal hourly pay or the California state minimum wage, whichever is higher, for each hour that you work.
  - California minimum wage is presently $14.00 for employees who work for employers with 25 or fewer employees and $15.00 for employees who work for employers with 26 or more employees. Effective January 1, 2023, California's minimum wage will be $15.00 for employers of any size.
  - OVERTIME EXAMPLE: if you worked for an employer in California with less than 26 employees, your hourly rate was $13.00 an hour, and you worked 50 hours in a week, you would be owed:
    - Your normal pay for each hour (also known as "straight time"), 50 hours x $13.00 = $650.00.
    - You also would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. Your hourly rate $13.00, which is higher than the federal minimum wage and equivalent to the state minimum wage. The overtime pay for each hour would be $13.00 multiplied by 50 percent, which equals $6.50. Therefore, your overtime premium for that week would 10 hours x $6.50 = $65.00
  - Your total weekly pay would therefore be $650.00 + $65.00 = $715.00.

- For example, if you worked for an employer in California with less than 26 employees, your hourly rate was $5.00 an hour, and you worked 50 hours in a week, you would be owed:
  - Your normal pay for each hour, 50 hours x $5.00 = $250.00.
  - You also would be owed difference between your pay of $5.00 an hour and California minimum wage of $13.00 per hour, 50 hours x $8.00 = $400.00
  - In addition, you would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. The overtime pay for each hour would be $13.00 multiplied by 50 percent, which equals $6.50. Therefore, your overtime premium for that week would 10 hours x $6.50 = $65.00
  - Your total weekly pay would therefore be $250.00 + $400.00+$65.00 = $715.00.
- Your employer must correctly document and report each hour you work and all pay you receive.
- Your employer cannot threaten you or take action against you for speaking to a DOL representative, participating in a DOL legal case, or exercising your FLSA rights.
- **It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL legal case, or spoke up about your FLSA rights.  It is illegal for your employer to take the following actions <u>because you exercised your FLSA rights</u>:**
  - Fire you or any friends or relatives that work with you;
  - Refuse to pay you for all hours you actually work;
  - Refuse to hire a relative of yours;
  - Report you to the government for deportation;
  - Reduce your work hours or the amount you earn;
  - Threaten you with legal problems or threaten to use their lawyer to harm you;
  - Make any other threat or take any harmful action against you.
- It is also illegal for anyone to force you to sign a document with false information about the hours you work, pay you receive, or anything else related to your FLSA rights.
- You have the legal right to tell the truth about your working conditions without anyone threatening or causing you harm.
- These laws apply to you regardless of your immigration status.

EXHIBIT D

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Adriana Ahumada, Trial Attorney
90 Seventh Street, Suite 3-700
San Francisco, CA 94103

WHEN RECORDED MAIL TO:
United States District Court
333 W. Broadway, Suite 420
San Diego, CA 92101

*United States Department of Labor v. AGA Investments II, Inc. et al.*
Civil Case No. 3:22-cv-287-L-KSC

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 8th day of March, 2022, between Arturo Ruffo , herein called TRUSTOR, whose address is 230 E Avenue, Coronado, CA 92118, and
ORANGE COAST TITLE COMPANY, a California Corporation, herein called TRUSTEE, and
UNITED STATES DEPARTMENT OF LABOR, herein called BENEFICIARY,
Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in San Diego County, California, described as:

ATTACHED HERETO AS EXHIBIT A

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing: (1) payment in the sum of $818,594.25 per Consent Judgment with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof; (2) performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory not or notes reciting that they are secured by this Deed of Trust.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in San Diego County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:'

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego | | | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | '51 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 29 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 | | | |

(which provisions identical in all counties, are printed on Exhibit A attached to this form) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that said Trustor will observe and perform said provisions; and

# EXHIBIT D

that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address herein before set forth.

3/08/22

ARTURO RUFFO, TRUSTOR

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of San Diego )

On March 8, 2022 before me, Maria Lorena Salazar Arreola, Notary Public

personally appeared Arturo Ruffo

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

Maria Lorena Salazar Arreola, Notary Public

# EXHIBIT D

## DO NOT RECORD THIS PAGE

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) [illegible]

(2) [illegible]

[illegible]

(3) [illegible]

(4) [illegible]

[illegible]

(5) [illegible]

(6) [illegible]

(7) [illegible]

(8) [illegible]

(9) [illegible]

(10) [illegible]

(11) [illegible]

[illegible]

[illegible]

(12) [illegible]

(13) [illegible]

(14) [illegible]

Trustor's Signature

Date 3/08/22, 2022

# EXHIBIT D

Exhibit "A"

Real Property in the City of Coronado, County of San Diego, State of California, described as follow:

Lot Number: 13 Block: 135 City, Municipality, Township: CORONADO Subdivision Name: CORONADO BEACH SOUTH ISLAND Tract No: 376

APN 536-142-31-00